# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY BANKS,

    Plaintiff,

vs.

NAPHCARE, et al.,

    Defendants.

Case No. 2:13-cv-00324-RCJ-PAL

**ORDER**

    Before the court are plaintiff's motions to reconsider (#6, #9). The court dismissed this action for non-payment of the initial partial filing fee, but the court's records show that plaintiff has paid the filing fee. The court will grant plaintiff's motions.

    The court has reviewed plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff will need to submit an amended complaint to correct defects in the original complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

At all relevant times, plaintiff was a prisoner at the Clark County Detention Center; it is unclear from the complaint whether he was a pre-trial detainee or a convicted prisoner who happened to be in the jail. Plaintiff alleges that he developed a rash on October 29, 2012. He reported the problem to the jail's medical staff. They prescribed various medications, but none of them worked, and the rash became worse. Plaintiff claims that the medical staff were deliberately indifferent to his medical condition, in violation of the Eighth Amendment.[1]

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and

---

[1] If plaintiff was a pre-trial detainee at the time, then the Eighth Amendment is inapplicable, and the Fourteenth Amendment is the governing provision. Bell v. Wolfish, 441 U.S. 520, 535-37 & n.16 (1979).

substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059-60.

Deliberate indifference is subjective.  The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994).  "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (internal quotations omitted).  However, a difference of opinion over the appropriate course of treatment does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff has not identified any of the medical staff members who are defendants; they are all "Doe" defendants in the complaint.  Plaintiff will need to identify them before the action can proceed against them.

Plaintiff also has not alleged facts showing that these defendants were deliberately indifferent to his medical condition.  Plaintiff alleges that the different courses of treatment were not clearing out his rash, but the allegations show that the jail's medical staff were treating him and changing the treatment.  Plaintiff needs to allege more than that the treatments were unsuccessful.  He needs to allege facts showing that the jail's medical staff knew that the treatments would be unsuccessful and that they chose those treatments in conscious disregard of plaintiff's health.

Plaintiff also has sued NaphCare, a private company that is the medical contractor for the Clark County Detention Center.  For NaphCare to be liable, plaintiff must prove that the actions of the jail's medical staff were the result of official policy or custom of NaphCare. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-40 (9th Cir. 2012).  Plaintiff has not alleged any facts in the complaint about NaphCare, let alone what NaphCare's policies or customs are.

1    IT IS THEREFORE ORDERED that plaintiff's motions for reconsideration (#6, #9) are **GRANTED**. The order (#4) and the judgment (#5) dismissing this action are **VACATED**, and this action is **REINSTATED**.

    IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

    IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

    IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-00324-RCJ-PAL, above the word "AMENDED."

    Dated: This 19th day of November, 2013.

_____
ROBERT C. JONES
Chief United States District Judge