# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY BANKS,

    Plaintiff,

vs.

NAPHCARE, et al.,

    Defendants.

Case No. 2:13-cv-00324-RCJ-PAL

**ORDER**

    Plaintiff has submitted an amended complaint (#18). The court will dismiss the defendants in their official capacities. The court then authorizes service of process upon the named defendants.

    Petitioner has sued all defendants in their individual and official capacities. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). In this case, the entity is NaphCare, the company that is contracted to provide medical services at the Clark County Detention Center. In its earlier order (#16), the court instructed plaintiff that he needed to allege facts showing that the actions of the jail's medical staff were the result of official policy or custom of NaphCare. Plaintiff has not alleged any such facts. The court will dismiss the official-capacity claims against the defendants.

    Plaintiff has alleged facts that the defendants have been deliberately indifferent to his serious medical need, correcting one of the defects in the original complaint. The court will authorize

service of process upon the named defendants. Plaintiff still has not named most of the defendants in this action, and the action cannot proceed against those defendants until he can identify them.

Plaintiff's motions for the status of the case (#25, #26) are made moot by this order.

IT IS THEREFORE ORDERED that the official-capacity claims against all defendants are **DISMISSED** for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the clerk of the court shall issue summons to the named defendants and deliver same with copies of the amended complaint (#18) to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered.

IT IS FURTHER ORDERED that from now onward, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

///
///
///
///

IT IS FURTHER ORDERED that plaintiff's motions for status of the case (#25, #26) are **DENIED** as moot.

Dated: July 8, 2014

_____
ROBERT C. JONES
United States District Judge