UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY BANKS, | Case No. 2:13-cv-00324-RCJ-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn Production Docs – Dkt. #33) |
| JOYCE, A.M. CHARGE NURSE, et al., | (Mtn Appt Counsel – Dkt. #37) |
| | (Mtn to Extend Time – Dkt. #40) |
| Defendants. | |

This matter is before the court on Plaintiff Gregory Banks' Motion for Production of Documents (Dkt. #33), Motion for Appointment of Counsel (Dkt. #37), and Motion for Extension of Time (Dkt. #40). The court has considered the Motions and Defendant Maria Arlida Rufo's[1] Opposition (Dkt. #38)>

Plaintiff is a prisoner proceeding in this civil rights action pro se. In an Order (Dkt. #2) entered March 2, 2013, the court granted Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1). The court dismissed the case for Plaintiff's non-payment of an initial partial filing fee, but on November 19, 2013, the court entered an Order (Dkt. #16) reinstating this case because Plaintiff paid the filing fee. That Order also screened Plaintiff's Complaint (Dkt. #17) pursuant to 28 U.S.C. § 1915 and found Plaintiff had not stated a claim upon which relief could be granted. That Order observed that Plaintiff had not identified any of the medical staff members who are defendants, and instead, Plaintiff named them as Doe Defendants. *See* Order (Dkt. #16) at 3:13-15. The district judge advised Plaintiff that he would need to identify those medical staff

---

[1] Plaintiff incorrectly named Defendant Rufo as "Arletta A.M. Pill Call Nurse" in the Amended Complaint. The court will refer to her by her correct name.

members before this case could proceed against them. *Id.*  The court dismissed the Complaint and allowed Plaintiff thirty days to file an amended complaint.  Plaintiff filed an Amended Complaint (Dkt. #18) on December 23, 2013.

The court screened the Amended Complaint in an Order (Dkt. #27) entered July 9, 2014. The court found the Amended Complaint stated a claim for violation of Plaintiff's rights under the Fourteenth Amendment and directed the U.S. Marshal's Service ("USMS") to serve the Amended Complaint on the named Defendants.  The Order found that Plaintiff had still not named most of the Defendants in this case, and reminded Plaintiff that this case could not proceed against those Defendants until Plaintiff identified them.  *See* Screening Order (Dkt. #27) at 2:1-2.  The USMS served Defendant Rufo on July 29, 2014.  *See* Summons Returned Executed (Dkt. #31).  Rufo filed an Answer (Dkt. #35) on August 19, 2014.  The USMS was unable to serve Defendant Joyce, A.M. Charge Nurse, because as of July 30, 2014, she was not employed at the Clark County Detention Center, and Plaintiff had not provided USMS with Defendant Joyce's last name.  *See* Summons Returned Unexecuted (Dkt. #32).

## I. Motion for Production of Documents (Dkt. #33).

Plaintiff seeks an order directing Naphcare to produce Plaintiff's medical records dated November 2, 2012, and June 16, 2013, including a log of medications Plaintiff received, the dates the medication was administered to Plaintiff, the names of the people who administered the medication, and the names of the doctor(s) who prescribed the medication.  Plaintiff asserts he has written several letters asking for copies of these documents, but he has received no response.

Naphcare is not a party to this lawsuit.  The court will construe Plaintiff's Motion as a request for a subpoena duces tecum to Naphcare for these documents pursuant to Rule 45 of the Federal Rules of Civil Procedure, will grant that request and direct the Clerk of Court to issue the subpoena in blank and mail it to Plaintiff to fill out.  *See* Fed. R. Civ. P. 45(a).  However, as Plaintiff was previously advised, his in forma pauperis status does "not extend to the issuance of subpoenas at government expense."  *See* Order (Dkt. #2) at 1:27-28.  In other words, Plaintiff must make arrangements to serve the subpoena duces tecum and is responsible for the cost of service.

- 2 -

Plaintiff should carefully read Rule 45(b) of the Federal Rules of Civil Procedure.

**II.     Motion to Appoint Counsel (Dkt. #37).**

Plaintiff requests the court appoint him counsel pursuant to 28 U.S.C. § 1915(e)(1). He asserts that he cannot afford counsel, and his imprisonment will greatly limit his ability to litigate this case. He has attempted to obtain counsel on his own without success. Plaintiff contends the issues in this case are complex and will require significant research and investigation, but Plaintiff has limited access to the law library (only once every two weeks) and limited knowledge of the law. In addition, trial will likely involve conflicting testimony, and counsel would be better at presenting evidence and cross-examining witnesses. Defendant Rufo opposes the Motion, arguing Plaintiff has not shown that exceptional circumstances exist justifying the appointment of counsel. Defendant argues Plaintiff is able to articulate his claims, and this is not a complex case. Additionally, Defendant asserts that Plaintiff has not shown he is likely to succeed on the merits.

Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint counsel to litigants proceeding in forma pauperis. That statute does not authorize courts to require counsel to represent such litigants but only to request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). In deciding whether to appoint counsel, the court should consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Furthermore, he has demonstrated sufficient ability to write and articulate his claims, and the facts alleged and legal issues raised are not especially complex. The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require

counsel to accept representation on a pro bono basis, and the number of attorneys available to accept appointment is very limited. Accordingly, the Motion to Appoint Counsel will be denied.

### III.     Motion for Extension (Dkt. #40).

Plaintiff seeks an extension of time to add other defendants to this case. He asserts he had no way of naming other defendants although he tried several times to get the names of the nurses and doctors who attended him from the Clark County Detention Center. He also requested the information through requests for production of documents from Defendant Rufo pursuant to Rule 34 of the Federal Rules of Civil Procedure. The responses to those requests, however, were not due until November 18, 2014. Plaintiff therefore requests an extension of time until December 30, 2014, to allow service on the unnamed Defendants.

Plaintiff is required to complete service within 120 days of the Screening Order, or by November 6, 2014. *See* Fed R. Civ. P. 4(m); *see also* Screening Order (Dkt. #27). Rule 4(m), as amended in 1993, requires the court to grant an extension of time when a plaintiff shows good cause for the delay. *See Efaw v. Williams,* 473 F.3d 1038, 1040 (9th Cir. 2007) (citing *Mann v. Am. Airlines,* 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). The rule also permits the court to grant an extension even in the absence of good cause. *Id.* The court must consider whether good cause exists on a case-by-case basis, and the Ninth Circuit has held that at a minimum, good cause means excusable neglect. *See In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001); *Boudette v. Barnette.* 923 F.2d 754, 755 (9th Cir. 1991) (analyzing Rule 4(j), the predecessor to Rule 4(m)).

The court finds Plaintiff has stated good cause for an extension of time. It appears he has been diligently trying to ascertain the true names of the Doe Defendants from both the Clark County Detention Center and from Defendant Rufo. Accordingly, the court will allow Plaintiff until December 30, 2014, in which to serve any unnamed Defendants.

For all of the foregoing reasons,

**IT IS ORDERED**:

1. Plaintiff's Motion for Production of Documents (Dkt. #33) is GRANTED IN PART and DENIED IN PART as follows:

- 4 -

      a. The Motion is GRANTED to the extent that the Clerk of Court shall issue a subpoena duces tecum to the Custodian of Records for Naphcare in blank to Plaintiff. Plaintiff may fill out the subpoena and have it served on the Custodian of Records for Naphcare to request the documents he seeks.

      b. The Motion is DENIED in all other respects.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. #37) is DENIED.

3. Plaintiff's Motion for Extension of Time (Dkt. #40) is GRANTED. Plaintiff shall have until **January 16, 2015,** to file a motion requesting the USMS serve any remaining unnamed Defendants.

Dated this 15th day of December, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE