UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY BANKS,<br><br>                Plaintiff,<br>v.<br>JOYCE, A.M. CHARGE NURSE, et al.,<br><br>                Defendants. | Case No. 2:13-cv-00324-RCJ-PAL<br><br>ORDER<br><br>(Mtns to Amend – Dkt. ##45, 47, 49) |

This matter is before the court on Plaintiff Gregory Banks' Motion Identifying the Unserved Defendants (Dkt. #45), Motion Requesting the USMS Serve Remaining Unnamed Defendants (Dkt. #47), and Motion to Amend the Complaint (Dkt. #49). This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(a)(1)(A) and LR 1-3. The court has considered the Motions and Defendant Maria Arlida Rufo's[1] Oppositions (Dkt. ##46, 48, 50).

**BACKGROUND**

Plaintiff is a prisoner proceeding in this action pro se. In an Order (Dkt. #2) entered March 2, 2013, the court granted Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1). The court dismissed the case for Plaintiff's non-payment of an initial partial filing fee, but on November 19, 2013, the district judge entered an Order (Dkt. #16) reinstating this case because Plaintiff paid the filing fee. That Order also screened Plaintiff's Complaint (Dkt. #17) pursuant to 28 U.S.C. § 1915A and found Plaintiff had not stated a claim upon which relief could be granted. Additionally, the district judge observed that Plaintiff had not identified any of the medical staff members who are Defendants, and instead, Plaintiff named them as Doe

---

[1] Plaintiff incorrectly named Defendant Rufo as "Arletta A.M. Pill Call Nurse" in the Amended Complaint (Dkt. #18). The court will refer to her by her correct name.

1

1  Defendants. *See* Order (Dkt. #16) at 3:13-15. The district judge advised Plaintiff that he would
2  need to identify those medical staff members before this case could proceed against them. *Id.*
3  The court dismissed the Complaint and allowed Plaintiff thirty days to file an amended
4  complaint. Plaintiff filed an Amended Complaint (Dkt. #18) on December 23, 2013.

5  The court screened the Amended Complaint in an Order (Dkt. #27) entered July 9, 2014.
6  The court found the Amended Complaint stated a claim for violation of Plaintiff's rights under
7  the Fourteenth Amendment and directed the U.S. Marshal's Service ("USMS") to serve the
8  Amended Complaint on the named Defendants. The Order found that Plaintiff had still not
9  named the three Jane Doe nurses or the two John Doe medical doctors, and it reminded Plaintiff
10 that this case could not proceed against those Defendants until Plaintiff identified them. *See*
11 Screening Order (Dkt. #27) at 2:1-2. The USMS served Defendant Rufo on July 29, 2014. *See*
12 Summons Returned Executed (Dkt. #31). Rufo filed an Answer (Dkt. #35) on August 19, 2014.
13 The USMS was unable to serve Defendant Joyce, A.M. Charge Nurse, because as of July 30,
14 2014, she was not employed at the Clark County Detention Center, and Plaintiff had not
15 provided USMS with Defendant Joyce's last name. *See* Summons Returned Unexecuted (Dkt.
16 #32).

17 On December 19, 2014, the court entered an Order (Dkt. #43) allowing Plaintiff
18 additional time to serve the unnamed Defendants. The court found that Plaintiff had been
19 diligently trying to ascertain the names of the Doe Defendants from both the Clark County
20 Detention Center and Defendant Rufo. Order at 4:21-24. The court allowed Plaintiff until
21 January 30, 2015, in which to file a motion requesting the USMS serve any remaining unnamed
22 Defendants. *Id.* at 5:7-9.

23 **DISCUSSION**

24 **I.    The Parties' Positions.**

25 Plaintiff filed the Motion Identifying the Unserved Defendants on December 22, 2014,
26 requesting the court issue summons for the following individuals: Armando Fernandez, P.A.-C;
27 Efren Casanova, M.D.; Sajor-Sam Ethel, N.P.; Raymond Mondora, M.D.; Karina Castillo, R.N.;
28 and Divinia Andres, N.P.; Michelle Gonzalez, P.R.N.; Lynneth Dela Rosa, R.N.; Timothy

2

1 Calumpong, R.N.; Joanna Patrice Larroza, P.R.N.; Shuaquarius Ealy, L.P.N.; Bridgette
2 Clinkscale, L.P.N.; Tracy Agbor, L.P.N.; and Sherri Truelove, L.P.N.  Plaintiff's Motion for
3 service, filed December 30, 2014, requests the court direct the USMS to serve process on these
4 "unnamed Defendants."

5 Defendant Rufo opposes Plaintiff's requests on several grounds.  First, she argues that the
6 Federal Rules of Civil Procedure do not contain any provision to name Doe Defendants, and
7 Rule 10 requires the title of the complaint to name the parties.  Even if the court finds Plaintiff's
8 naming Doe Defendants "somehow acceptable," Rufo argues Plaintiff should not be permitted to
9 add fourteen defendants when the Amended Complaint only named three Jane Doe Defendants
10 and two John Doe Defendants.  Second, Defendant contends that Plaintiff is essentially seeking
11 leave to amend the Amended Complaint and add additional parties, and he has not complied with
12 LR 15-1 which requires him to attach a proposed amended pleading to a motion to amend.  Rufo
13 asserts that "none of the proposed Defendant's actions were described in the [Amended
14 Complaint], and therefore, no cognizable claim against [any] of them currently exists."
15 Opposition (Dkt. #46) at 4:22-23.

16 Third, Defendant argues Plaintiff's request should be denied because the two-year statute
17 of limitations applicable to these claims has expired.  Thus, allowing Plaintiff an opportunity to
18 amend would be futile as any claims related to conduct alleged in the Amended Complaint were
19 time-barred at the time Plaintiff made the request, and Rule 15(c)(1)(C)'s relation back provision
20 does not apply because there is no indication any of these parties received notice of this case
21 such that it will not be prejudiced defending against Plaintiff's claims.

22 **II.    Applicable Law & Analysis.**

23 There is no provision in the Federal Rules of Civil Procedure authorizing or expressly
24 prohibiting the use of fictitious parties, i.e., parties named as Jane or John Doe, and Rule 10
25 requires a Plaintiff to include the names of the parties in the action in his complaint.  Fed. R. Civ.
26 P. 10(a). Although generally disfavored, the Ninth Circuit has recognized that where the identity
27 of alleged defendants is unknown prior to filing a complaint, the plaintiff should be permitted to
28 discover their identities through discovery.  *See Wakefield v. Thompson,* 177 F.3d 1160, 1163

1  (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In *Gillespie,* the
2  plaintiff was a prisoner proceeding pro se in a civil rights suit against several U.S. Marshals,
3  prison officials, and prison guards. However, the complaint did not name all the defendants, and
4  instead identified unknown defendants as "John Doe." The plaintiff requested discovery to
5  identify the unnamed defendants, but the district court denied the request. The Ninth Circuit
6  reversed, finding the district court abused its discretion by disallowing the discovery because it
7  would likely have identified the unnamed defendants.

8  Likewise, here, Plaintiff named Defendant Rufo, and the USMS served process on her.
9  Plaintiff discovered the identity of the Doe Defendants through discovery, in a timely manner,
10 and in accordance with the court's Orders. Although Defendants are correct that Plaintiff should
11 have filed a motion to amend pursuant to Rule 15, and attached a copy of the proposed amended
12 pleading as an exhibit pursuant to LR 15-1, Plaintiff was following the court's Order, which
13 stated, "Plaintiff shall have until January 16, 2015**,** to file a motion requesting the USMS serve
14 any remaining unnamed Defendants." Order (Dkt. #43) at 5:7-9. Plaintiff filed the Motions
15 identifying the unnamed Defendants and requesting service prior to the court-imposed deadline
16 in late December 2014. The court can hardly fault Plaintiff for following its explicit instructions,
17 and the court will construe the Motions as a motion for leave to amend. *See Erickson v. Pardus,*
18 551 U.S. 89, 94 (2007) (submissions by pro se litigants should be liberally construed and held to
19 less stringent standards).

20 The court has already screened Plaintiff's Amended Complaint and found Plaintiff stated
21 a claim against Defendant Rufo, three Jane Doe Defendants who are nurses, and two John Doe
22 Defendants who are doctors. In three separate Orders (Dkt. ##16, 27, 43), the court has indicated
23 Plaintiff could amend his pleadings to include the names of the Doe Defendants.

24 Defendant argues that because the statute of limitations has run as to the Doe Defendants,
25 Plaintiff must meet the burden established by Rule 15(c) of the Federal Rules of Civil Procedure
26 in order for any amended pleading to relate back to the Amended Complaint, which was filed
27 before the statute of limitations ran. Specifically, Plaintiff must show these defendants: (a)
28 received notice of the action such that they will not be prejudiced in defending on the merits; (b)

4

knew or should have known the action would be brought against them; (c) but for a mistake concerning their identities. With respect to the five Doe Defendants named in the Amended Complaint, Defendant is incorrect because the court must apply Nevada law.

Federal Rule of Civil Procedure 15(c) governs whether an amended pleading relates back to the date of an original pleading. An amended pleading may relate back to the date of the original pleading if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). The Ninth Circuit recently held that Rule 15(c)(1) incorporates the relation back rules of state law "when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198-1201 (9th Cir. 2014). The court concluded that if the amendment relates back under state law, it also "relates back under Rule 15(c)(1) even if it would not otherwise relate back under the federal rules." *Id.* at 1201. Thus, because Nevada law provides the two-year statute of limitations applicable in this § 1983 suit, the court must examine whether Nevada law permits relation back to amend doe pleadings. *See generally* 42 U.S.C. § 1988; NRS 11.190(4)(e);[2] *see also Merritt v. Cnty. of Los Angeles,* 875 F.2d 765, 768 (9th Cir. 1989); *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1463-64 (9th Cir. 1988) (stating that in § 1983 cases, the "length of the limitations period and closely related questions of tolling and application, are to be governed by state law") (internal citation and marks omitted).

Rule 10(a) of the Nevada Rules of Civil Procedure allows a plaintiff to plead a claim against a party whose name is unknown, and when the name is discovered, the pleading may be amended. Nev. R. Civ. P. 10(a). While the substitution is pending, the statute of limitations is effectively tolled. *See Nurenberger Hercules-Werke GMBH v. Virostek,* 822 P.2d 1100, 1106 (Nev. 1991) (describing fictitious defendants as "already parties in legal contemplation"). When a Rule 10(a) amendment is properly granted, "it automatically relates back to the commencement

---

[2] Although section 1983 does not provide a specific statute of limitation, 42 U.S.C. § 1988 provides that where the federal law does not specify a statute of limitations, state law applies. The Supreme Court has held that in the interest of national uniformity and predictability, all section 1983 claims shall be treated as tort claims for the recovery of personal injuries. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Okure*, 488 U.S. 235 (1989). In Nevada, the personal injury statute of limitations is two years. *See* NRS 11.190(4)(e).

of the action." *Id.* The Nevada Supreme Court has instructed that "meritorious causes of action should not be frustrated where, despite reasonable diligence, the true identity of culpable parties is uncertain or unknown to plaintiff." *Id.* at 1103.

Further, the Nevada Supreme Court clarified the "relation back effect" of Rule 10(a), finding Rule 10(a) is "a self-contained rule that is independent of NRCP 15(c)," and Rule 15(c) "has no application to the process of adding or substituting names under NRCP 10(a)." *Nurenberger Hercules-Werke GMBH v. Virostek,* 822 P.2d 1100, 1106 (Nev. 1991). In order to effectively use Rule 10(a), a plaintiff must: (a) plead fictitious or doe defendants in the caption of the complaint; (b) plead the basis for naming defendants by other than their true identities; (c) clearly specify the connection between the intended defendants and the conduct, activity, or omission upon which the claim is based; and (d) exercise reasonable diligence in ascertaining the true identities of the intended defendants and promptly moving to amend the complaint to substitute the actual for the fictional. *Id.*

Here, the court finds Plaintiff has satisfied the *Nurenberger* test. He named the Doe Defendants in the caption of the Amended Complaint. *See* Amended Complaint (Dkt. #18) at 1. He pled the basis for naming them as Doe Defendants and clearly specified the connection between their conduct and his claim. *Id.* at 6-7, 10-11, 13-14. Plaintiff has exercised reasonable diligence in discovering the Doe Defendants' true names and has complied with the court's Orders to substitute them. Therefore, the court will allow Plaintiff leave to file a second amended complaint for the limited purpose of substituting the five now identified individuals for Doe Defendants named in the caption of the Amended Complaint.

Plaintiff's Motions also seek to add additional parties—specifically, a physician's assistant and eight additional nurses. These parties were not named in the caption of the Amended Complaint, and therefore, Plaintiff cannot rely on Rule 10(a) of the Nevada Rules of Civil Procedure to substitute them. *See Nurenberger,* 822 P.2d at 1106. To add these new parties, Plaintiff must meet the burden set forth in Rule 15(c) because the statute of limitations has run as to any new defendants. Furthermore, because the deadline for amending the pleadings has now run, Plaintiff must show good cause and excusable neglect to modify the court's

Scheduling Order (Dkt. #39. Plaintiff's Motions have not met this burden, and his request to amend to add new parties not named in the original Complaint or the Amended Complaint is denied.

Based upon the foregoing,

**IT IS ORDERED:**

1. Plaintiff's Motions (Dkt. ##45, 47, 49) are GRANTED IN PART and DENIED IN PART as follows:
    a. Plaintiff's request is GRANED to allow him to substitute the names of the three Jane Doe nurses and the two John Doe doctors named in the caption of the Amended Complaint.
    b. Plaintiff shall file a second amended complaint substituting the names of these five Doe Defendants only no later than **April 10, 2015.**
    c. Plaintiff's request to amend to add additional parties is DENIED.
2. Once the second amended complaint has been filed, the court will screen it, and direct service.

Dated this 12th day of March, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE