UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____
                                        )
GREGORY BANKS,                          )
                                        )
                Plaintiff,              )           2:13-cv-00324-RCJ-PAL
                                        )
        vs.                             )
                                        )           **ORDER**
NAPHCARE et al.,                        )
                                        )
                Defendants.             )
_____)

This is a prisoner civil rights case under 42 U.S.C. § 1983. Pending before the Court is Defendant Maria Rufo's Motion for Summary Judgment (ECF No. 52). For the reasons given herein, the Court grants the motion.

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiff alleges in the Second Amended Complaint ("SAC")[1] that after arriving at the Clark County Detention Center ("CCDC") as a pretrial detainee he suffered from a painful rash that progressed into bruises. (*See* Second Am. Compl. 4A–4B). He received no treatment for pain until December 14, 2012 when Defendant Erfin Casanova prescribed him an oral steroid and hydrocortisone. (*Id.*). On December 19, 2012, Plaintiff complained to Defendant Maria

_____

1 Plaintiff filed the SAC with leave of the Magistrate Judge after the present motion was filed. Movant Maria Rufo was named only as a "Jane Doe" Defendant in the Amended Complaint ("AC"), but she filed the present motion in her own name as against the AC. The SAC amended the AC only to add the newly discovered names of the Doe Defendants, including Rufo. The Court will therefore consider the present motion as against the SAC.

Rufo, a nurse at CCDC, that the medication was not working, but Rufo replied that it was working. (*Id.* 4B).  On January 7, 2013, Plaintiff saw Rufo again to show her the worsening condition, and Rufo scheduled him to see a doctor the following day. (*See id.* 6A).  Rufo later told Plaintiff to fill out a kite, and when Plaintiff refused, she told him he wouldn't receive further medication if he didn't fill out a kite. (*Id.* 6B).  Plaintiff alleges Rufo later changed one of his prescriptions to Zantac, but another nurse caught the error. (*See id.*).  These are only allegations in the SAC concerning Rufo.  Rufo has moved for summary judgment, and Plaintiff has not timely responded.[2]

Plaintiff alleges denial of medical care against Defendants under the Fourteenth Amendment.  The Court dismissed the Complaint, with leave to amend, on screening because Plaintiff had identified no Defendant, had not alleged that the actions of the medical personnel resulted from any official policy of NaphCare, and had not sufficiently alleged deliberate indifference.  The AC identified two Defendants by their first names and included three more "Jane Doe" Defendants.  The Court permitted the AC to proceed past screening, minus any official-capacity claims.  Plaintiff moved to amend to name more Defendants.  The Magistrate Judge granted the motion, and Plaintiff filed the SAC, naming six Defendants.  While the motion to amend was pending, Rufo filed the present motion for summary judgment.

## II.    SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if

---

2 A response was due on March 9, 2015.  Plaintiff timely requested a 60 day extension.  The Court has not ruled on that motion, but it is now moot, as more than 60 days have elapsed without Plaintiff having filed any response.

there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   ANALYSIS

The Eighth Amendment does not apply to pretrial detainees, but the Fourteenth Amendment's Due Process Clause protects pretrial detainees from treatment that amounts to punishment before trial. *See Bell v. Wolfish*, 441 U.S. 520, 535–37 & n.16 (1979).  In medical needs cases, the Court of Appeals applies the same standard of "deliberate indifference" to pretrial detainees under the Fourteenth Amendment as it applies to convicted prisoners under the Eighth Amendment. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1243–44 (9th Cir. 2010).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment— and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).  To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must

show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*

Defendant has adduced a declaration in which she attests that she is a licensed practical nurse with no legal ability to prescribe medication, and that her treatment of Plaintiff consisted only of providing him with medications that other medical personal had ordered for him. (Rufo Decl. ¶ 2–3, ECF No. 52-2). She administered various medications to Plaintiff for his rash 61 times between December 16, 2012 and June 13, 2013 (the times, dates, and exact amounts of each medication are noted in the declaration). (*Id.* ¶ 5). Rufo also attests that she was not working at CCDC on December 19, 2012. (*Id.* ¶ 7). She denies having ever changed his medications. (*Id.* ¶ 8). Rufo has adduced other medical records in support, but the Court finds that the declaration is enough evidence to negate the claim of deliberate indifference.

Defendant has therefore satisfied her initial burden on summary judgment to submit evidence negating Plaintiff's claim. Her declaration negates the deliberate indifference prong of the claim by showing that she never failed to treat Plaintiff's medical condition within the scope of her duties. She has also pointed out that Plaintiff has provided no evidence in support of any element of the claim, even the serious medical need element. Plaintiff has adduced no evidence in opposition and has therefore failed to carry his shifted burden to show a genuine dispute of material fact for trial as to any element of his claim.

///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 52) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 53) is DENIED as moot.

IT IS SO ORDERED.

Dated this 6th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge